United States Courts
Southern District of Texas
FILED

MAY 15 2024

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| BENJAMIN LACOUNT, II, Plaintiff, *Pro Se* | |
| v. | CIVIL ACTION NO. 4:24–cv–01087 |
| TEXAS A&M UNIVERSITY Defendant | |

**PLAINTIFF LACOUNT'S REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE KENNETH M. HOYT:

Plaintiff, Benjamin LaCount II ("LaCount"), respectfully asks this Honorable Court to deny without prejudice Defendant Texas A&M University's ("TAMU") Motion to Dismiss. Dkt. 4.

## I. BACKGROUND

A. <u>Immediate Procedural History</u>

1. An initial complaint was submitted by LaCount, asserting disability discrimination and retaliation by TAMU, a public university in Texas.

2. Certificates of Interested Parties were submitted by both parties.

3. TAMU filed a Motion to Dismiss for, *inter alia*, lack of subject matter jurisdiction due to sovereign immunity and failure to state a claim.

4. LaCount files this reply to TAMU's Motion to Dismiss.

## II.     ARGUMENT & AUTHORITIES

### A. Congressional Abrogation of TAMU's Sovereign Immunity

As TAMU stated in their motion to dismiss, "three exceptions exist that allow for suits against states, state agencies, and state officials in federal court." Dkt. 4 at 4. The applicable exception in this case is Congressional abrogation, notably under the Fourteenth Amendment's Due Process and Equal Protection clauses, as well as §5. Insofar as Title II of the Americans with Disabilities Act ("ADA") creates a private cause of action for damages against States for conduct that violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity. *See United States v. Georgia*, 546 U.S. 151 (2006).

### B. Stating A Claim For Failure To Accommodate Under The ADA

As TAMU also stated in their motion to dismiss, "once a qualified individual with a disability requests reasonable accommodations, 'the public entity has an obligation to engage in an interactive process' to determine the best means of accommodating the plaintiff's disability." Dkt. 4 at 5. TAMU then incorrectly asserts in their motion that LaCount was responsible for the breakdown of the

informal, interactive process. As stated in the initial complaint, LaCount requested accommodation from TAMU on September 14, 2023. Dkt. 1 at 4. TAMU then failed to continue the informal, interactive process and is thus responsible for the breakdown. LaCount contacted TAMU on January 13, 2024, to advocate for the availability of captioning for the rest of his class. It was then that LaCount received a statement from TAMU that was clearly and arbitrarily (in the sense that it did not further a substantial State interest) discriminatory in nature, stating that "captioning is usually only for persons with auditory-related disabilities" and "if [LaCount] had an auditory-related disability, [TAMU] would meet to discuss captioning."

Regarding the TAMU's assertion that "a plaintiff can recover money damages only if he proves the defendant committed a violation of the ADA and that the discrimination was intentional," this discriminatory statement shows that the denial of accommodation was intentional due to LaCount not having an auditory-related disability. Dkt. 4 at 6.

### C. Stating A Claim For Retaliation Under The ADA

TAMU further asserts that LaCount failed to establish *prima facie* and lists the three elements necessary to do so. Dkt. 4 at 7. In LaCount's initial complaint, all three elements are listed: (1) On January 15, 2024, LaCount engaged in a protected activity by submitting a "formal complaint" regarding alleged disability

discrimination; (2) LaCount was subject to adverse action by TAMU by being placed on probation without notice or due process prior to; and (3) three days after informing TAMU he would be placing a formal complaint, LaCount was placed on academic probation despite not failing any additional courses.

LaCount was informed of his placement on probation on January 18, 2024, via an email with an attached letter. The attached letter was dated January 11, 2024; however, LaCount alleges that despite being dated January 11, 2024, it is more plausible that the letter was created on January 18, 2024, and backdated to January 11, 2024. There are three reasons for this plausibility. First, on the two previous letters the student received via email from TAMU, the date of the letter reflected the date of the email. Second, TAMU routinely meets on Thursday afternoons to adjudicate certain student matters, including the placement of a student on probation. Instead of sending the letter on the alleged date of January 11, 2024, the letter was sent on the afternoon of January 18, 2024. Third, LaCount was not afforded notice or an opportunity to be present during the meeting deciding whether or not he would be placed on probation.

On the contrary, LaCount was informed in December 2023, that his failure of two courses placed him on academic warning, and that a subsequent failure would result in being placed on probation. LaCount successfully remediated one of

the failed courses on January 2, 2024, but unexpectedly received a letter on January 18, 2024, placing him on probation.

### III. CONCLUSION

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff need not recite "detailed factual allegations," but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Likewise, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). LaCount's initial complaint, however inartfully pleaded, is valid and should be "liberally construed" and held to a less exacting standard than those complaints drafted by attorneys. *Tannenbaum v. United States*, 148 F. 3d 1262, 1263 (11th Cir. 1998).

**WHEREFORE**, LaCount respectfully asks this Honorable Court to deny TAMU's Motion to Dismiss without prejudice.

Respectfully submitted,

Benjamin LaCount II
Pro Se Litigant
10510 Golden Meadow Dr
Houston, TX 77064
benlacount@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that on May 10, 2024, this document was mailed to the court for filing and that service of this document to the Defendant will be accomplished via the Court's CM/ECF system.

Benjamin LaCount II
Pro Se Litigant
10510 Golden Meadow Dr
Houston, TX 77064
benlacount@gmail.com