UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUN 20 2024

Nathan Ochsner, Clerk of Court

BENJAMIN LACOUNT, II,
Plaintiff, *Pro Se*

v.

TEXAS A&M UNIVERSITY
Defendant

CIVIL ACTION NO. 4:24-cv-01087

## PLAINTIFF LACOUNT'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE KENNETH M. HOYT:

Plaintiff LaCount (henceforth "I," "me," and "my" as appropriate) responds to Defendant Texas A&M University's (TAMU) reply in support of their Motion to Dismiss (Dkt. 11) and requests the court please deny without prejudice TAMU's Motion to Dismiss. Dkt. 4. This document includes a timeline and supporting exhibits to fully clarify the situation brought before the court in LaCount's initial complaint. See *Exhibit A*. **Why did TAMU not provide captioning for a student with a learning disability after they requested accommodation?** This is the core question I hope resolving this case will answer.

### I. ARGUMENTS

TAMU alleges that I have failed to state a claim under Title II of the Americans with Disabilities Act (ADA) upon which relief can be granted.

**A. Stating a discrimination claim under Title II of ADA**

TAMU misinterprets the facts of the case when they argue: "LaCount's pleadings facially show that he was responsible for the breakdown of the informal interactive process and because he fails to allege facts that would allow the Court to draw the reasonable inference that TAMU intentionally discriminated against him by reason of his disability." Dkt. 11 at 2.

My pleadings show that September 26, 2023, was the last day TAMU contacted me regarding the status of my request for accommodation. I promptly replied back and did not hear anything back until I contacted TAMU again on January 13th.

TAMU replied to my contact on January 13th, defending the lack of accommodations, stating that "captioning is usually only approved as a disability accommodation for individuals with hearing impairments" and that if I had an auditory-related disability that requires captioning of videos, they'd be willing to meet. This demonstrates that my request for accommodation was treated differently because my disability requiring captioning was not auditory-related. In other words, if I had an auditory-related disability instead of a learning disability, my request in September for captioning would have been taken more seriously.

If TAMU had responded to my concerns on January 13th without the statements outlined above, I would not have felt discriminated against and would attribute the lack of accommodations to "falling in the cracks of the system." However, TAMU went out of their way to defend not accommodating by stating captioning is for a select set of disabled individuals (which directly contradicts what TAMU publicly states on their IT accessibility page).

TAMU falsely states that the allegation of auditory-related discrimination was first alleged in my response to their Motion to Dismiss, despite it being stated in the initial complaint. By

requiring me to have an auditory-related disability to meet about captioning as an accommodation, TAMU discriminated.

TAMU further falsely states that the alleged discriminatory statement demonstrates TAMU engaging in the required informal, interactive process. This does not address the lack of communication from TAMU regarding my request for accommodation between when I contacted TAMU on September 26, 2023, and when I contacted them again on January 13, 2024. Additionally, any accommodations offered by TAMU in January would be moot; the accommodation was needed back in September to support my learning, I had already failed the semester, and TAMU had failed to take timely action on my request.

TAMU misinterprets the facts of the case again when they state in their response (Dkt 11 at 4), "TAMU denying [LaCount's] request for captioning was in response to a request for captioning on behalf of [LaCount's] entire class." As stated in the initial complaint, I requested accommodation for myself on September 14, 2023. When I reached out to TAMU on January 13, 2024, I was concerned that no accommodation was made for me. Since I was now beyond helping (I had failed and been removed from my class at this point), I felt working with TAMU to caption the lecture videos would help a lot of students with little cost to TAMU (the lecture videos have automatic captioning features, but they are disabled).

### B. Stating a retaliation claim under Title II of ADA

TAMU states in their response that "to so conclude that 'TAMU for some unknown reason backdated the letter to state that [placing LaCount on probation] occurred January 11, 2024' would stretch the limit of plausibility well beyond its breaking point." Easily provable facts

support a decision to place me on academic probation occurred on January 18 and not January 11 and are as follows:

1. TAMU became aware on January 15, 2024, of my intent to file a formal complaint with the Department of Justice. *Exhibit A-9*.

2. I was emailed on January 18, 2024, about being placed on academic probation. *Exhibit A-10*.

3. TAMU's promotions committee convened on December 21, 2024. A decision letter, dated December 21, 2024, was then created and emailed on December 22, 2024. A FERPA request showed one committee note exists for December 21, 2024, that involves me. *Exhibit A-5*.

4. TAMU's promotions committee convened on January 2, 2024. A decision letter, dated January 2, 2024, was then created and emailed on January 4, 2024. A FERPA request showed two committee notes exist for January 2, 2024, that involve me. *Exhibit A-12*.

5. Allegedly, TAMU's promotions committee convened on January 11, 2024. No decision letter was created or emailed. A FERPA request showed no committee note exists for January 11, 2024, that involved me.

6. TAMU's promotions committee convened on January 18, 2024. A decision letter, dated January 11, 2024, was then created and emailed on January 18, 2024. *Exhibit A-10*.

As for an "unknown reason" to backdate a letter, we can look to TAMU's response: "The evidence plainly shows that the vote to place LaCount on academic probation occurred on January 11—four days before he filed a formal complaint." The evidence referred to is the probation letter created and delivered on January 18, 2024, but dated January 11, 2024.

## II.  CONCLUSION

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Likewise, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). My initial complaint, however inartfully pleaded, is valid, should be "liberally construed," and held to a less exacting standard than those complaints drafted by attorneys. *Tannenbaum v. United States*, 148 F. 3d 1262, 1263 (11th Cir. 1998).

**WHEREFORE**, LaCount respectfully asks this Honorable Court to deny TAMU's Motion to Dismiss without prejudice.

Respectfully submitted,

Benjamin LaCount II
Pro Se Litigant
10510 Golden Meadow Dr
Houston, TX 77064
benlacount@gmail.com

## CERTIFICATE OF SERVICE

I certify that on June 17, 2024, this document was mailed to the court for filing and that service of this document to the Defendant will be accomplished via the Court's CM/ECF system.

Benjamin LaCount II
Pro Se Litigant
10510 Golden Meadow Dr
Houston, TX 77064
benlacount@gmail.com

