United States District Court
Southern District of Texas
**ENTERED**
June 20, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BENJAMIN LACOUNT II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-01087 |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.     INTRODUCTION

Pending before the Court is the defendant's, Texas A&M University ("the University") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) (Dkt. No. 7). The plaintiff, Benjamin LaCount II ("LaCount"), has filed a response to the defendant's motion (Dkt. No. 9), and the defendant has filed a reply (Dkt. No. 11).  After reviewing the motion, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendant's motion should be **GRANTED**.

### II.     FACTUAL BACKGROUND AND CONTENTIONS

On March 15, 2024, Benjamin Lacount II, a student at Texas A&M University filed a complaint for a violation of civil rights against the University, citing breaches of his constitutional rights under § 504 and 508 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act ("ADA"). Lacount's grievances date back to September 13, 2023, when he requested captioning for lecture videos due to his registered disabilities. Despite assurances from

1 / 7

the University to explore accommodation options, they allegedly failed to communicate any available solutions or provide the requested captioning.

Lacount contends that because of these circumstances, he encountered significant challenges in keeping pace with his classmates during the semester, ultimately failing two courses. Consequently, he was compelled to transfer from his original class to a different one and retake previously passed courses. Lacount advances that achieving 2 points higher in one of the failed courses would have allowed him to continue his program without interruption.

As concerns persisted, Lacount contacted the University again on January 13, 2024, expressing dissatisfaction with the lack of accommodations. However, on January 15, the University responded by suggesting an assessment of captioning suitability, on the assumption that Lacount might have had an auditory-related disability. Frustrated by the lack of progress, Lacount informed the University of his decision to file a formal complaint rather than engage in further meetings.

Lacount's complaint included allegations that Texas A&M University not only failed to offer adequate accommodation options but also misrepresented the consequences of his unfavorable academic performance. Specifically, on December 22, 2023, the University assured Lacount that an academic warning for failing two courses and probation would follow only if further failures occurred. However, despite the fact that he had no additional course failures, the University placed him on probation on January 18, 2024. Hence, he asserts, being placed on probation followed on the heels of his formal complaint regarding inadequate accommodation.

Lacount seeks to remedy the harm caused by the alleged failure to provide accommodation and for placing him on probation status, actual damages for personal injuries, reimbursement of out-of-pocket academic costs, and punitive damages. Consisting of $14,960 for rent and utilities

incurred between December 2023 and July 2024, $51,534 for the cost of attending Texas A&M University, $10,000 for the loss of future earning potential, and $76,494 in punitive damages.

## III.    STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action."  Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, courts lack the power to adjudicate claims.  *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).  Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence."  *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations.")  In making its ruling, the court may rely on any of the following:  "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

Federal Rule of Civil Procedure 12(b)(6) also authorizes dismissal of a case for "failure to state a claim upon which relief can be granted." Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court's review is limited to the allegations in the complaint and any documents attached to a defendant's motion to dismiss, if they are both referred to in the complaint and central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## IV.     ANALYSIS & DISCUSSION

### A.  SOVEREIGN IMMUNITY

As a basis for dismissal, the University asserts that sovereign immunity bars LaCounts's claims under the ADA. That argument is untenable. The Supreme Court of the United States has acknowledged this clear expression of intent which establishes that the ADA creates a private cause of action for damages against states for conduct that violates the Fourteenth Amendment[1]. *See United States v. Georgia*, 546 U.S. 151 (2006) (*quoting Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363-364 (2001). While sovereign immunity, as established by the Eleventh Amendment, generally deprives courts of jurisdiction over suits against states, there are established

---

[1] The Eleventh Amendment establishes sovereign immunity for states, shielding them from lawsuits in federal court without their consent. This immunity extends to Section 1983 claims, preventing individuals from suing states or state officials (in their official capacities) for civil rights violations unless the state has waived immunity or Congress has explicitly abrogated it. *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 197 (5th Cir. 2015).

exceptions to this rule. One of these exceptions is the valid abrogation of sovereign immunity has been recognized as valid and enforceable, thereby permitting individuals to pursue damages against states for ADA violations.

The University's argument that § 1983 of the Civil Rights Act's claims are barred by sovereign immunity, while true, does not apply in this context. Although it is well established that § 1983 does not contain a valid abrogation of sovereign immunity and the State of Texas has not waived its immunity for claims brought under § 1983, LaCount's claims are grounded in the ADA, not § 1983. The Court, therefore, distinguishes between claims brought under §1983 and those brought under the ADA, recognizing that the latter is not subject to sovereign immunity defenses.

The Court holds that the sovereign immunity defense raised by the University does not apply to LaCount's ADA claims. Thus, the University's motion to dismiss on grounds of sovereign immunity is denied with respect to LaCount's ADA claims.

### B.  FAILURE TO ACCOMMODATE UNDER RA/ADA

Based on the pleadings, LaCount has not met the necessary threshold to proceed with his ADA claims. Under both the ADA and the Rehabilitation Act, public entities are required to make reasonable accommodations for individuals with disabilities and engage in an interactive process to determine the best means of accommodation. However, a public entity cannot be held liable if the breakdown in the accommodation process is attributable to the individual rather than the entity itself. *See Bennett-Nelson v. La. Bd. o f Regents,* 431 F.3d 448, 454 (5th Cir. 2005); *Shurb v. Univ. of Tex. Health Sci. Ctr. At Houston-Sch. Of Med., 63 F.Supp. 3d 700, 709 (S.D. Tex. 2014) (quoting Aragona v. Berry, 3:10–CV–1610–G,2012 WL 467069, \*10 (N.D. Tex. Feb. 14, 2012)).*

In this case, LaCount's own pleadings indicate that the University attempted to engage in this interactive process. On January 15, 2021, the University responded to LaCount's concerns by

offering to meet and discuss the possibility of providing captioning for lecture videos. However, LaCount chose to scuttle the process and filed a formal complaint instead. This failure to further engage demonstrates that LaCount, himself, caused the breakdown in the interactive process. This action on LaCount's part also impacts his claim for monetary damages.

To recover monetary damages under the ADA or Rehabilitation Act, LaCount must prove that the University's actions were not only in violation of the ADA or the Rehabilitation Act but also that the discrimination was intentional. LaCount's allegations of facts fail to show that the University intentionally discriminated against him due to his disability. The mere assertion that the University did not provide captioning without additional details does not meet the legal standard for deliberate indifference, let alone intentional discrimination. *See Miraglia v. Bd. of Supervisors of La. State Museum,* 901 F.3d 565, 574 (5th Cir. 2018); *Cadena v. El Paso Cnty., 946 F.3d 717, 724 (5th Cir. 2020).* The Court finds that LaCount's claims under a *failure to accommodate* must be dismissed.

## C. RETALIATION UNDER RA/ADA

The Court also finds that LaCount has not established a prima facie case of retaliation under the ADA and/or the Rehabilitation Act as he has failed to allege facts demonstrating a causal nexus between his request for an accommodation and his placement on academic probation. A plaintiff must show that he (1) engaged in a protected activity, (2) was subjected to an adverse action by the public entity, and (3) that a causal connection exist between the two. *See Shurb*, 63 F.Supp. 3d at 711 (citing *Calderon v. Potter*, 113 F. App'x 586, 591–92 (5th Cir. 2004)). LaCount's pleadings do not state facts that satisfy the causal connection requirement. Moreover, the gap between LaCount's request for captioning on September 14, 2023, and the adverse action on January 11, 2024, is insufficient to establish causality.

The Fifth Circuit Court of Appeals has determined that such a lapse in time does not constitute a "very close" proximity. *See Clark Cnty. Sch. Sist. V. Breeden,* 532 U.S. 268, 273 (2001). Similarly, the Circuit Court has determined that a period of two and a half months between a protected activity and an adverse employment decision, on its own, does not fall within the "very close timeframe required to establish causation. *See Besser v. Tex. Gen. Land Off.,* 834 F. App'x 876, 885 (5th Cir. 2020). Consequently, LaCount's retaliation claims under the ADA and Rehabilitation Act fails.

## V.  CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion to dismiss is **GRANTED**.

It is so **ORDERED**.

SIGNED on June 20, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge